**Ken W. GLASGOW, Appellant,**

v.

**Belle B. HALL, Appellee.**

No. 13941.

Court of Appeals of Texas,
Austin.

March 28, 1984.

Rehearing Denied May 2, 1984.

Russell C. Busby, Babb & Hanna, P.C., Austin, for appellant.

Kenneth D. Lerner, Long, Dugger, Burner & Cotten, A Professional Corporation, Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

BRADY, Justice.

Appellant filed suit for declaratory relief and damages under the Deceptive Trade Practices Act. Tex.Bus. & Com.Code Ann. §§ 17.41 *et seq.* (Supp.1982). After a bench trial, judgment was rendered denying appellant recovery. On a counterclaim brought by appellee, the Court found that the suit was groundless and brought in bad faith or for the purpose of harassment and awarded appellee attorneys fees.

Appellant Ken Glasgow, a realtor for many years, entered into an earnest money contract for the purchase of a home from appellee, Belle Hall, in May, 1979. The parties executed the usual title papers, a note, deed of trust, and warranty deed, at closing. Appellee's attorney in preparing the warranty deed, which appellant testified he did not see at the time of closing, inserted a paragraph which provided:

> During the life of the Vendor's Lien Note hereinabove described, no assignment by Grantee hereof without the expressed [sic] written authority of Grantor, her heirs or assigns shall be valid; upon assignment hereof, Grantor, her heirs of [sic] assigns reserves the right to adjust the interest rate on said note.

It was not until 1981 that appellant discovered this clause in his warranty deed. Upon making this "discovery," as appellant terms it, he called appellee and tried to persuade her to remove the provision. Appellee refused and this suit resulted. Appellant in his suit asked for a declaratory judgment construing the clause in the warranty deed as unenforceable and invalid or alternatively, to enter judgment fixing the maximum rate of interest that could be charged at 10% as was then provided by law. The trial court denied appellant any relief.

Appellant also was denied recovery under the DTPA for damages and attorneys fees. On appellee's counter-claim the trial court awarded attorneys fees against appellant on the basis that the suit was groundless and brought in bad faith or for the purpose of harassment. We will affirm the judgment of the trial court in denying appellant declaratory relief and damages under the DTPA, but will reverse that part of the trial court's judgment that the suit was groundless and brought in bad faith or for the purpose of harassment.

Appellant argues that the matter of the grantor's reservation of a right to adjust the interest rate on the note was never discussed before or at the time of closing. The parties met at the title company, the closing officer brought the documents into the room, and, according to appellant's brief, gave a stack of documents to him and another to appellee. The closing officer indicated that each party should check the documents and she left the room and later returned to inquire if there were any "problems" or questions. Appellant testified that in his stack of instruments there was no warranty deed. The note and deed of trust did not contain the grantor's reservation of her right to adjust interest rates. Appellant further stated that he received the deed several weeks after the closing and when it arrived he put it away without reading it. Appellant stated that it was not until 1981 when he was going to sell the home to his father that he "discovered" the clause in the deed.

■ There were no findings of fact or conclusions of law requested and none were filed by the trial court. Appellant states that the issues at first glance appear to delve into the question of "due on sale" clauses, which this Court in *Crestview, Ltd. v. Foremost Insurance Co.*, 621 S.W.2d 816 (Tex.Civ.App.1981, writ ref'd n.r.e.) and the Supreme Court in *Sonny Arnold, Inc. v. Sentry Savings Assn.*, 633 S.W.2d 811 (Tex.1982) have held do not constitute an

unreasonable restraint on alienation. However, appellant argues that it is not necessary to reach such questions in this case because the parties here had no agreement as to the "adjustable interest rate" clause. Appellant argues that this matter was never discussed and that the clause is not in the earnest money contract, which states that it constitutes the "entire agreement between the parties and cannot be changed except by their written consent." The note and deed of trust contain no such clause. Appellant argues that appellee unilaterally had her attorney insert the "adjustable interest rate" clause into the warranty deed, a document not signed by the grantee, and such action was an attempt to deceive him.

We cannot agree with appellant's arguments. At the closing, appellant had every right to ask for and be given an opportunity to read all documents prepared for the signatures of the parties. Had appellant been diligent, or had he employed an attorney, which many purchasers do when closing a contract for the purchase of real estate, he would have "discovered" this reservation clause. Appellant, according to his own testimony, as a real estate broker had attended some seventy-five closings during his career. It was incumbent upon him, or someone in his behalf, to examine and read all the provisions of the title papers before he closed the sale. We can offer appellant no solace for his failure to do what any reasonably prudent buyer would have done under the same or similar circumstances. This case is similar to the facts of *Bradford v. Thompson*, 460 S.W.2d 932 (Tex.Civ.App.1970), aff'd in part and rev'd and rendered in part, 470 S.W.2d 633 (Tex.1971). In *Bradford*, the buyers failed at closing to read their deed which contained an assumption of two notes instead of one. As in *Bradford*, it does not appear that the grantee here failed to read the deed because of any act or conduct on the part of the grantors or their agents.

We now turn to appellee's counter-claim for attorneys fees on the basis that the suit here was groundless and brought in bad faith or for the purpose of harassment. Appellant's final point of error claims that there was no evidence or insufficient evidence to support the trial court's finding that this suit was groundless and brought in bad faith or for the purpose of harassment.

■ In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's findings and consider only the facts and circumstances which tend to support those findings. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). In reviewing factual sufficiency points of error, the court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ This Court finds no evidence that will support the finding of the trial judge in this respect. Bad faith has been defined to mean that a person so acting must have knowledge of such facts and circumstances to know that his or her actions are wrong and, with such knowledge, acts with intentional disregard for the rights of others.

Appellee offered no evidence of bad motive on the part of appellant. There was no evidence the suit was brought for harassment. There is no suggestion anywhere in the record that appellant acted with any intentional disregard for the rights of appellee. We, therefore, have concluded that there is no evidence to support the finding of the trial court on the issue of groundlessness, bad faith and harassment.

We affirm the judgment of the trial court that appellant take nothing by his suit and reverse the judgment and here render judgment of the trial court that appellee take nothing by her counter-claim for attorneys fees.